## HYATT *v.* MARK *et al:*

(*Superior Court of New York City, General Term.* May 7, 1888.)

1. REFERENCE—FINDINGS OF REFEREE—SUFFICIENCY—EXCEPTIONS.

In an action for an accounting, where defendants have contracted to pay a royalty to plaintiff on her patent for illuminating tiles made and sent away by them, to be used for making illuminated basements, and basement extensions, a finding of the referee that areas are basement extensions, within the meaning of the contract, must be sustained, when the exception is general, and there is no suggestion that the tiles were not used in connection with "illuminating covering" of areas.

2. PATENTS FOR INVENTIONS—ROYALTY—ACCOUNTING—BURDEN OF PROOF.

The tiles being capable of various uses, and not indicating any special use, defendants cannot be required to show that those made and sold by them were not used for making illuminated basements and basement extensions, and in default of such showing to pay the royalty.

3. SAME—OBJECTIONS TO ACCOUNT—WHERE MADE.
    Objections to an account may be heard, opportunity being given to the opposite
    party to meet them, though not contained in the objections formally filed.

Appeal from judgment on report of referee.

Action for an accounting by Elizabeth A. L. Hyatt against Jacob Mark and others for royalties due plaintiff on the sale of illuminating work. Judgment for a portion of plaintiff's claim, and both plaintiff and defendants appeal.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*George W. Van Slyck*, (*B. B. McMasters*, of counsel,) for plaintiff. *Edward D. McCarthy*, for defendants.

SEDGWICK, C. J. The obligation of the defendants to account to plaintiff under the contract between them, was held to exist in *Hyatt* v. *Ingalls*, 49 N. Y. Super. Ct. 375. It was further held that the court had jurisdiction of the action. Every question that related to the obligation to account was determined by the court on the appeal to the general term, and now only such exceptions as concern the accounting are to be considered. The contract bound the defendants to pay 30 cents per square foot "of illuminating work made and sent away by the defendants, to be used for the purpose of making illuminated basement and basement extensions." The defendants' counsel excepted to the referee's ruling that the defendants should be charged for "illuminating work" used for covering areas. The claim is that areas were not, within the intention of the parties, basement extensions. What was, according to the contract a basement extension, was a question of fact. It is true that an area *per se* is not part of a basement or of a basement extension, and there are considerations drawn from the patents in evidence that by themselves would lead to the conclusion that a basement extension, as used in the contract, meant something different from an area. Yet, taking all there is in the patents together, I think the referee was right in his conclusion that the contract meant, among other things, such a basement extension as would result from an area being covered by the "illuminating work." The referee's findings as to the defendants' liability for steps, risers, and platforms, forming wholly or partly "an illuminating roof" over areas, should be sustained. They were within the terms of the contract, if the phrase "basement extension" comprises areas. The exception to the finding was general. There is no suggestion that the finding alluded to contained a charge for "illuminating work" not used in connection with "illuminating covering" of areas.

The learned counsel for defendants urges that the referee found for matters not contained in the first 115 objections made by plaintiff to the account filed by the defendants. Whatever may be the usual practice, the referee had the power to allow, in any form that did not work injustice to the defendants, an objection to the account presented by defendants, whether or not a statement of objections had been previously made. A formal filing of objections implies that the accounting party need not prepare to meet any other objection. But the court has power to allow other objections to be made, giving the accounting party opportunity to meet them. I am of opinion that on the defendants' appeal the judgment should be affirmed, with costs.

On the plaintiff's appeal, it is urged that the referee should have charged the defendants "for all tiles adapted for covering basement extensions, and manufactured and sold by them, or manufactured and used by them, which they have not shown were actually used for purposes other than basement extensions, or how such material was to be used." In other words, the plaintiff claims that the burden of proof was upon the defendants to show that the tiles that they sold and which might be used for "illuminating basements and basement extensions" were not thus used, and that, if this were not proved, the defendants were to be charged with the royalties according to the con-

tract. The "illuminating work" in question was separate tiles, which were capable of various uses besides that of illuminating basement extensions. The tiles as made and sold by the defendants, did not indicate any special use to which they were to be given. Not only did the contract in action allow the defendants to make and sell such separate tiles without payment of royalties, if they were not "made and sent away by the defendants to be used for the purpose of making illuminated basements and basement extensions," but the patents themselves made no claim for the separate tiles apart from their combination for certain uses. This right of the defendants to make and sell was not incumbered by the contract in any of its provisions. It would be an unusual limitation of the right to sell, and of the benefit thereof, to require that the defendants should not only inquire of their customers as to the use to which the tiles were to be put, but should investigate the course which the tiles actually took after they were sold. The ruling of the referee in this respect was correct. I am of opinion that the referee was right in his action as to work done by defendants in glazing tile. Judgment affirmed as to each party, with costs.

O'GORMAN, J., concurs.